IN THE UNITED STATES DISTRICT COURT

DISTRICT OF KANSAS

**KENNETH L. DOZIER,**

      **Plaintiff,**

**v.**                                                       **Case No.  06-2169-JWL**

**CITY OF OVERLAND PARK,
KANSAS, and PENNY POSTOAK
FERGUSON**

      **Defendants.**

**MEMORANDUM & ORDER**

Plaintiff Kenneth L. Dozier was formerly a Codes Enforcement Specialist with the defendant City of Overland Park, Kansas ("the City"). He asserts claims pursuant to 42 U.S.C. § 1983 against the city and the Deputy City Manager of Overland Park, Penny Postoak Ferguson, in both her official capacity and individual capacity. Mr. Dozier alleges a retaliation claim and violations of his Fourteenth Amendment procedural and substantive due process rights. This matter is currently before the court on defendants' motion to dismiss plaintiff's first amended complaint (Doc. # 14) for failure to state a claim upon which relief can be granted. For the reasons explained below, the court will grant the motion in its entirety.

**I.    BACKGROUND**

The following facts are taken from the allegations in Mr. Dozier's first amended complaint and, consistent with the well established standard for evaluating a motion to dismiss

pursuant to Fed. R. Civ. P. 12(b)(6), the court assumes the truth of these facts for purposes of analyzing the motion to dismiss. This suit stems from Mr. Dozier's employment with the City, where he worked as a code enforcement specialist from March 13, 2000, until July 19, 2005. On July 8, 2005, the City placed Mr. Dozier on leave for alleged conduct between Mr. Dozier and a citizen during a codes inspection. After being informed of his termination on July 19, 2005, Mr. Dozier sought a pre-termination hearing pursuant to the City's employee handbook. Mr. Dozier provided Roger Peterson, the director of planning and development services, with timely written defenses contesting the City's termination decision. Mr. Peterson issued a written response to these defenses stating that the termination would stand. Mr. Dozier then filed a request with the City Manager, John Nachabar, for a post-termination hearing by an impartial tribunal. That request was granted, and a hearing took place on August 11, 2005.

The tribunal, which consisted only of Ms. Ferguson, upheld the decision to terminate Mr. Dozier. But Mr. Dozier challenges several aspects of the tribunal proceeding, which he alleges was not impartial. After both sides rested their cases on August 11, 2005, Mr. Dozier contends that he did not receive notification of a decision within three days, as mandated by the employee handbook. Instead, he alleges that he was not notified until five days after the hearing, on August 16, 2005, when he was informed that Ms. Ferguson would seek additional evidence.[1] Mr. Dozier objected to officials re-opening the hearing and consulting the city manager for

---

[1] The handbook rules provided by Mr. Dozier state that notification shall be given within "three (3) workdays." Because Saturday and Sunday, August 13-14, 2005, were not workdays, Mr. Dozier's allegation of late notification is dubious.

2

administrative clarification. To this end, he contends that the city manager was not impartial, given that the city manager was in Mr. Dozier's direct line of supervision. Three days after the second hearing took place on August 19, 2005, the City notified Mr. Dozier that it had upheld its decision to terminate his employment.

In response to Mr. Dozier's original complaint, defendants moved to dismiss all of his claims for failure to state a claim upon which relief can be granted. This court granted that motion (Doc. 10), but thought that Mr. Dozier may have been alleging more than a protected property interest with respect to his due process claim, and therefore granted his request for leave to amend his complaint with respect to that claim only. *See Dozier v. City of Overland Park*, No. 06-2169-JWL, 2006 WL 2177859, at *11 (D. Kan. July 31, 2006).

Mr. Dozier filed an amended complaint, alleging a retaliation claim and a substantive due process claim and re-iterating his procedural due process claim. Defendants again moved to dismiss all of Mr. Dozier's claims pursuant to Fed. R. Civ. P. 12(b)(6). They argue that Mr. Dozier's due process claims must fail because he had no protected property interest in continued employment and that his retaliation claim must fail because he did not engage in any protected activity. Finally, the defendants assert that Ms. Ferguson is entitled to qualified immunity in her individual capacity.

## II.   LEGAL STANDARD FOR A MOTION TO DISMISS

The court will dismiss a cause of action for failure to state a claim only when "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his [or her] claims which would entitle him [or her] to relief," *Aspenwood Investment Co. v. Martinez*, 355 F.3d 1256,

1259 (10th Cir. 2004) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)), or when an issue of law is dispositive. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). The court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, and all reasonable inferences from those facts are viewed in favor of the plaintiff. *Adams v. Kinder-Morgan, Inc.*, 340 F.3d 1083, 1088 (10th Cir. 2003). The issue in resolving a motion is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

### III.   ANALYSIS

*A.   Due Process*

In his original complaint, the only due process claim Mr. Dozier made was procedural, but his amended complaint alleges that defendants violated both his procedural *and* substantive due process rights. However, adding a substantive due process claim does not save Mr. Dozier from defendant's motion to dismiss. In order to state a valid due process claim, either procedural *or* substantive, a plaintiff must first establish that he or she has a valid protected property or liberty interest. *See Hyde Park Co. v. Santa Fe City Council*, 226 F.3d 1207, 1210 (10th Cir. 2000)("We established nearly twenty-five years ago that to prevail on either a procedural or substantive due process claim, a plaintiff must first establish that a defendant's actions deprived plaintiff of a protectible property interest.")(citing *Weathers v. West Yuma County Sch. Dist. R-J-1*, 530 F.2d 1335, 1340-42 (10th Cir. 1976)(citations omitted). Mr. Dozier makes no argument that he had a valid liberty interest, so the court will focus only on his property interest

4

in continued employment. *See Archuleta v. Colorado Dept. of Institutions, Div. Of Youth Svcs.*, 936 F.2d 483, 489 n.5 (10th Cir. 1991)("Plaintiff does not argue that [he] was deprived of a liberty interest.  Our discussion therefore pertains only to plaintiff's property interest in continued employment.").

In his amended complaint, Mr. Dozier makes many of the same arguments pertaining to his alleged protected property interest in continued employment with the City that he made in his original complaint.  This court addressed those arguments at length in its prior order (Doc. 10) and systematically rejected them.  *See Dozier v. City of Overland Park*, No. 06-2169-JWL, 2006 WL 2177859 (D. Kan. July 31, 2006).  Although the court only addressed the arguments in the context of procedural due process, the court sees no need to revisit that analysis here in light of the fact that both procedural and substantive due process claims require, as a threshold matter, a protected property interest.  *Hyde Park*, 226 F.3d at 1210.

Mr. Dozier's amended complaint makes one new argument that he had a protected property interest which this court must address.  Mr. Dozier claims that by virtue of the "statutory scheme" in the City's employee manual, he has been conferred a protected property interest in continued employment. Mr. Dozier appears to rely on *Darling v. Kansas Water Office* for this assertion.  245 Kan. 45, 774 P.2d 941 (1989).  In *Darling*, the Kansas Supreme Court held that once states created property rights through enactment of legislation, due process rights attach.  *Id.* at 48 (citing *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985)). *Darling* is totally inapplicable, however, because this case concerns only a city's employee manual, not state enacted legislation.  Furthermore, as this court has previously recognized, "a

5

grievance procedure itself only addresses the mechanics of termination and does not guarantee an employee the right to continued employment." *Warren v. City of Junction City, Kan.*, 176 F. Supp. 2d 1118, 1128 (citing *Asbill v. Housing Authority of Choctaw Nation*, 726 F.2d 1499, 1502 (10th Cir. 1984) ("By themselves, however, these procedural protections [the grievance procedures] do not support 'a legitimate claim of entitlement' to future employment.") and *Carnes v. Parker*, 922 F.2d 1506, 1511 (10th Cir. 1991) ( "[P]rocedural protections themselves are not sufficient to create a property interest in continued employment….")). Accordingly, the court finds that Mr. Dozier's amended complaint fails to set forth any basis for a protected property interest in continued employment and therefore he fails to state either a procedural or substantive due process claim for which relief may be granted.

*B.     Retaliation*

A retaliation claim is typically brought in connection with an alleged violation of First Amendment rights and requires proof: "(1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct." *Mimics, Inv. v. Village of Angel Fire*, 394 F.3d 836, 847 (10th Cir. 2005)(citing *Worrell v. Henry*, 219 F.3d 1197, 1212 (10th Cir. 2000).

Mr. Dozier alleges that he engaged in a protected activity by (1) availing himself of his procedural and substantive due process rights by appealing the termination of his employment, (2) opposing Ms. Ferguson's actions during the appeal, (3) insisting upon his legal rights under

6

the City's personnel policies and procedures, and (4) objecting to Ms. Ferguson's actions. Essentially, Mr. Dozier claims that by invoking the termination procedures provided by the City's employee manual, he engaged in a constitutionally protected activity. Defendants argue, and the court agrees, that Mr. Dozier fails to establish the first requirement of a retaliation claim–that he engaged in a constitutionally protected activity. Mr. Dozier has provided no authority, nor has this court located any authority, supporting the notion that invoking termination grievance procedures constitutes a "constitutionally protected activity" which may form the basis of a retaliation claim.

Furthermore, as this court previously held above and in its prior order regarding defendant's motion to dismiss Mr. Dozier's original complaint (Doc. 10), Mr. Dozier has no protected property interest in continued employment and accordingly he has no constitutionally protected right to termination procedures. Therefore, the court concludes that invoking the termination procedures provided by the City did not amount to "constitutionally protected conduct" and thus his retaliation claim must be dismissed for failure to state a claim for which relief can be granted.

*C.    Qualified Immunity*

Ms. Ferguson alleges that, even if Mr. Dozier has stated a claim for due process violations, she is entitled to qualified immunity regarding the suit against her in her individual capacity. Deciding whether Ms. Ferguson retains qualified immunity requires a two-part analysis. The threshold question is, taken in the light most favorable to plaintiff, whether "the facts alleged show the officer's conduct violated a constitutional right." *Saucier v. Katz*, 533 U.S.

194, 201 (2001). If there is no violation of a constitutional right, the analysis ends. *Saucier*, 533 U.S. at 201. If the factual allegations do amount to a constitutional violation, "the next, sequential step is to ask whether the right was clearly established at the time of the defendant's unlawful conduct such that a reasonable person in the defendant's position would have known that the alleged conduct violated the federal right ." *Id.*

This court addressed qualified immunity at length in its previous order in this case (Doc. 10). *See Dozier*, 2006 WL 2177859, at *6. There, the court concluded that because Mr. Dozier failed to meet his burden of establishing a cognizable constitutional violation and proving that the contours of that violation were clearly established, Ms. Ferguson was entitled to qualified immunity in her individual capacity. *Id.* at *10. Similarly, as stated above, the court has concluded once again that Mr. Dozier has failed to establish a protected property interest in continued employment. Accordingly, he has failed to meet the first burden of overcoming Ms. Ferguson's qualified immunity assertion with respect to his substantive and procedural due process claims because he has failed to establish a cognizable constitutional violation. Ms. Ferguson also asserts qualified immunity as a defense to Mr. Dozier's retaliation claim. As stated above, Mr. Dozier has failed to establish that he had engaged in constitutionally protected activity and thus failed to state a valid retaliation claim. Accordingly, he has not met his burden under the first prong of the qualified immunity analysis because he has not established a constitutional violation. Because Mr. Dozier has failed to established any constitutional violation, the court sees no need to proceed to the second prong of qualified immunity. Therefore, in her individual capacity, Ms. Ferguson is entitled to qualified immunity from Mr.

Dozier's claims.

## IV. CONCLUSION

For the reasons explained above, the court grants the defendants' motion to dismiss Mr. Dozier's first amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief can be granted.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the defendants' motion to dismiss (Doc. 14) plaintiff's first amended complaint (Doc. 11) is granted.

**IT IS SO ORDERED.**

Dated this 23rd day of October, 2006

                                    s/ John W. Lungstrum
                                    John W. Lungstrum
                                    United States District Judge